UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X    CV11-2862

WALTER MARTIN and ROSE MARTIN,

                                Plaintiffs,

                                **AMENDED COMPLAINT**
                                **& JURY DEMAND**

        -against-

THE CITY OF NEW YORK,  & THE NEW YORK
CITY POLICE DEPARTMENT,

                                Defendants.

------------------------------------------------------------------X

       WALTER MARTIN and ROSE MARTIN, by their attorney Steven L. Hubert, allege the following as and for their complaint against the defendants:

### JURISDICTION

       1.     As hereinafter more fully set forth below, this matter concerns a controversy arising from the defendants' violation of the plaintiffs' rights as guaranteed by the Constitution and/or laws of the United States, as provided in 42 U.S.C. § 1983, to be free from illegal searches and seizures, police harassment and intimidation, and the malicious abuse of process. Plaintiffs further invoke the supplemental jurisdiction of this Court to adjudicate pendant state law claims pursuant to 28 U.S.C. § 1367.

### PARTIES

       2.     Walter Martin is a citizen of the United States and the State of New York and is over the age of eighteen (18) years.

       3.     Rose Martin is a citizen of the United States and the State of New York and is over the age of eighteen (18) years.

4. At all times relevant hereto, Walter Martin and Rose Martin resided at 1925 Haring Street, Brooklyn, New York.

5. The City of New York is a municipal corporation duly incorporated, created and existing under the laws of the State of New York.

6. The New York City Police Department is a department or division of the City of New York.

7. At all times relevant hereto, the defendant acted under of color of state law, regulations, customs and policies.

## FACTS

8. That, starting in or about 2001, officers of the New York City Police Department repeatedly presented to plaintiffs' home seeking various individuals.

9. That said visits were made at all times of the day and night.

10. That each of said visits was made under the color of law.

11. That none of the individuals sought had any connection to the plaintiffs.

12. That the individual(s) sought were not, and had never been, at the plaintiffs' address.

13. That, at no time, did the defendants have probable cause to believe that plaintiffs or either of them had committed a crime.

14. That, at no time, did the defendants have probable cause to believe that an individual who had committed a crime was present at plaintiffs' address.

15. That each of said visits by defendants officers was made in error.

16. That, on each occasion, defendants' officers acknowledged that the visit and been conducted in error and assured the plaintiffs that the source of the mistake would be found and corrected.

17. That plaintiffs notified the New York City Police Department of the error(s) and were assured by defendants that the source of the mistake would be found and corrected.

18. That plaintiffs notified the City of New York of the error(s) and were assured by defendant that the source of the mistake would be found and corrected.

19. That plaintiffs notified the Mayor of the City of New York of the error(s) and were assured by defendant that the source of the mistake would be found and corrected.

20. That, despite such assurances, the defendants failed and refused to locate and correct the source of the error.

21. That despite such assurances, the visits continued.

22. That, upon information and belief, plaintiffs' address had negligently been entered into, and maintained by, defendants computer systems as a default address for criminal suspect(s).

23. That, despite actual and/or constructive knowledge that their information was incorrect, defendants' officers continued to present to plaintiffs' home at all hours of the day and night.

24. That, from 2001 through 2010, defendants' officers presented to plaintiffs' home in error on over 50 occasions.

25. That plaintiffs' address had negligently been entered into, and maintained by, defendants' computer systems as a default address for criminal suspect(s), as the result of the defendants' negligent failure to adequately hire, train, supervise and/or retain competent staff.

26. That defendants' failure and/or refusal to locate and correct the source of the error was the result of the defendants' negligent failure to adequately hire, train, supervise and/or retain competent staff.

27. That defendants' officers' continued visits to plaintiff's address at all hours of the day and night despite said officer(s)' actual and/or constructive knowledge that their information was incorrect was the result of the defendants' negligent failure to adequately hire, train, supervise and/or retain competent staff.

28. That defendants' entire course of conduct was entered into and continued pursuant to the policies, regulations and decisions promulgated or adopted by the defendant and the New York City Police Department and pursuant to governmental custom of the New York City Police Department.

29. That, as a result of defendants' repeated unwarranted and improper visits to plaintiffs' home, the plaintiffs and each of them became the subjects of suspicion and ridicule in their community.

30. That, as a result of defendants' repeated unwarranted and improper visits to plaintiffs' home, the plaintiffs and each of them have become nervous and anxious and have suffered physical and extreme emotional, mental and psychological distress, humiliation and embarrassment.

31. That prior hereto on June 10, 2010, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with Plaintiff's' demands for adjustment thereof was duly served on the claimants' behalf on the Comptroller of the City of New York and that thereafter said Comptroller for the City of New York refused or neglected for more than thirty (30) days and up to

the commencement of this action to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

32. In compliance with Section 513(h) of the New York General Municipal Law, a hearing by an officer of the Comptroller of the City of New York, was duly held on July 26, 2010, at 39 Broadway, New York, New York.

33. That this action was commenced initially on June 14, 2011 which date within one year and ninety days after accrual of this cause of action, or within the time allowed by law.

## AS AND FOR A FIRST CAUSE OF ACTION:
## NEGLIGENCE

34. Plaintiffs repeat and reiterate each and every allegation set forth in paragraphs 1 – 30 with the same force and effect as if fully set forth herein.

**35.** By reason of defendants' carelessness and negligence in failing to adequately hire, train, supervise and/or retain competent staff, and failing to operate a police department in a competent and professional manner, plaintiffs and each of them have suffered physical and extreme emotional, mental and psychological distress, humiliation and embarrassment.

## AS AND FOR A SECOND CAUSE OF ACTION:
## GROSS NEGLIGENCE

36. Plaintiffs repeat and reiterate each and every allegation set forth in paragraphs 1 – 32 with the same force and effect as if fully set forth herein.

37. That defendants' carelessness and negligence in failing to adequately hire, train, supervise and/or retain competent staff, and failing to operate a police department in a competent and professional manner, rises to such a high degree of carelessness and negligence that defendant is liable for gross negligence.

### AS AND FOR A THIRD CAUSE OF ACTION: HARRASSMENT

38. Plaintiffs repeat and reiterate each and every allegation set forth in paragraphs 1 – 34 with the same force and effect as if fully set forth herein.

39. That defendants' repeated and continuous unwarranted course of conduct constitutes harassment.

### AS AND FOR A FOURTH CAUSE OF ACTION: RECKLESS ENDANGERMENT

40. Plaintiffs repeat and reiterate each and every allegation set forth in paragraphs 1 – 36 with the same force and effect as if fully set forth herein.

41. That defendant knew or should have known that its repeated and continuous unwarranted course of conduct was likely to endanger the health and safety of the plaintiffs and each of them.

42. That defendants' repeated and continuous unwarranted course of conduct recklessly endangered the health and safety of the plaintiffs and each of them.

43. That defendants' repeated and continuous unwarranted course of conduct which recklessly endangered the health and safety of the plaintiffs and each of them actually caused harm to the health and safety of the plaintiffs and each of them, including physical and extreme emotional, mental and psychological distress, humiliation and embarrassment.

### AS AND FOR A FIFTH CAUSE OF ACTION: NEGLIGENT INFLICTION OF EXTREME EMOTIONAL DISTRESS

44. Plaintiffs repeat and reiterate each and every allegation set forth in paragraphs 1 – 40 with the same force and effect as if fully set forth herein.

45. That plaintiffs and each of them would be likely to suffer physical and extreme emotional, mental and psychological distress, humiliation and embarrassment as a result of

defendants' repeated and continuous outrageous course of conduct, was, or should have been known by the defendant.

46. Defendants' repeated and continuous course of conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## AS AND FOR A SIXTH CAUSE OF ACTION:
## ABUSE OF AUTHORITY

47. Plaintiffs repeat and reiterate each and every allegation set forth in paragraphs 1 – 43 with the same force and effect as if fully set forth herein.

48. That defendants' actions and course of conduct constitutes an abuse of authority under color of law.

## AS AND FOR A SEVENTH CAUSE OF ACTION:
## RES IPSA LOQUITOR

49. Plaintiffs repeat and reiterate each and every allegation set forth in paragraphs 1 – 45 with the same force and effect as if fully set forth herein.

50. That defendants are liable to the plaintiffs and each of them in *res ipsa loquitor*.

## AS AND FOR A EIGHTH CAUSE OF ACTION:
## VIOLATION OF CONSTITUTIONAL RIGHTS [42 U.S.C. § 1983]

48. Plaintiffs repeat and reiterate each and every allegation set forth in paragraphs 1 – 47 with the same force and effect as if fully set forth herein.

49. That defendants' repeated and continuous course of conduct constitutes a deprivation of plaintiffs' rights pursuant to the Constitution of the United States, including those pursuant to the Fourth and Fourteenth Amendments, including, but not limited to, their right to due process of law, to be free from illegal searches and seizures, police harassment and intimidation, and the right to privacy and to be secure in one's own home.

7

50. That defendants were not justified in its actions, which resulted in the deprivation of plaintiffs' rights.

**WHEREFORE**, plaintiffs, and each of them, demand judgment against defendants City of New York and New York City Police Department in excess of Five Million Dollars ($ 5,000,000.00) on each cause of action, attorneys fees and costs of this action, attorney fees as per 42 USC § 1988, and as such other and further relief as the Court deems just and proper.

Dated: Brooklyn, New York
September 8, 2011

_____
STEVEN L. HUBERT, Esq.
Attorney for Plaintiffs Walter and Rose Martin
32 Court Street, Suite 207
Brooklyn, New York 11201
(718) 522-4646

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

WALTER MARTIN and ROSE MARTIN,

                Plaintiffs,

                                              Civil Action No. CV11-2862
                                              AMENDED COMPLAINT
           -against-                                     &JURY DEMAND

THE CITY OF NEW YORK,
& THE NEW YORK CITY POLICE DEPARTMENT,

                Defendants.

_____

_____

AMENDED COMPLAINT with JURY DEMAND

_____


STEVEN L. HUBERT
Advocate & Counselor at Law
Attorney for Plaintiffs
32 Court Street, Suite 207
Brooklyn, N.Y. 11201
(718) 522-4646

9