

| | | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY  10007 | **MICHAEL CHESTNOV**<br>*Assistant Corporation Counsel*<br>(212) 788-0991<br>(212) 788-9776 (fax)<br>mchestno@law.nyc.gov |

December 9, 2011

**VIA ECF**
Honorable Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

      Re:    <u>Walter Martin, et al. v. City of New York, et al.</u>
            CV-11- 2862 (ENV)(SMG)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, attorney for defendant City of New York.[1]  Defendant, City of New York  respectfully requests that the Court hold a pre-motion conference so that defendant may seek leave to move to dismiss the complaint in the above-captioned matter pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

      As reflected in the complaint, plaintiffs allege *inter alia*, that members of the New York City Police Department ("NYPD") made over fifty unwarranted visits to their home beginning in 2001 and continuing through 2010.  Plaintiffs aver that their home address was negligently entered into City of New York computer systems as a default address for criminal suspect(s), and that as a result of that error, NYPD officers made continued unwarranted visits to their home. Plaintiffs further allege that though they notified the City of New York of the problem and were assured the error would be fixed, defendant failed to correct the problem.  Plaintiffs allege that their constitutional rights were violated under the Fourth and Fourteenth Amendments, and they also bring various state law claims.

      Here, plaintiffs claim that their address was *negligently* entered into a NYPD database, which led police officers to mistakenly believe that criminal suspects lived at that address. See Complaint at ¶ 22.  However, the merely negligent acts of government officials will not rise to §1983 liability.  The Supreme Court has held that the due process clause is concerned with preventing abusive government conduct, and that its protections are triggered only by deliberate decisions to deprive a person of life liberty or property. <u>See</u> <u>Davidson v. Cannon</u>, 474 U.S. 344 (1986).  Here, the purported actions of the NYPD do not establish deliberate actions that deprived

---

[1] This case is assigned to Assistant Corporation Counsel Duane Blackman, who is presently awaiting admission to the Eastern District and is handling the matter under my supervision.  He may be reached directly at (212)788-9033.

plaintiffs of their constitutional rights. Moreover, any Fourth Amendment claims would also fail since there are no allegations in the complaint that officers actually entered plaintiff's home; instead it appears from the complaint that the officers merely "visited" plaintiffs' home and inquired about suspects they were looking for. Merely knocking on plaintiffs' door and inquiring whether a suspect was present would not amount to a seizure under the Fourth Amendment. See Florida v. Bostick, 501 U.S. 429, 437 ("a seizure does not occur simply because a police officer approaches an individual and asks a few questions. So long as a reasonable person would feel free 'to disregard the police and go about his business,' . . . the encounter is consensual and no reasonable suspicion is required")(citation omitted). [2] Additionally, plaintiffs claim their right to privacy and security in their home was violated. Here, however, like any other members of the public, the police presented themselves to plaintiffs' front door to make inquiries. Importantly, such actions will not rise to a violation of plaintiff's privacy rights. See United States v. Reyes, 283 F.3d 446, 465 (2d Cir. 2002).

Even assuming, *arguendo,* that plaintiffs have alleged sufficient facts to make their claim that they were denied their constitutional rights plausible, their § 1983 claims should still be dismissed because they fail to properly allege that a policy or custom of the City caused a deprivation of plaintiffs' constitutional rights. Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). Here, plaintiffs offer only that the actions of NYPD officers were "entered into and continued pursuant to the policies, regulations and decisions promulgated or adopted" by the NYPD. Complaint at ¶ 28. However, plaintiff has failed to allege what these policies allegedly were, let alone sufficient facts to make the existence of these policies plausible. See, e.g., Costello v. City of Burlington, 632 F.3d 41, 49 (2d Cir. 2011) (affirming dismissal of Monell claim since "the complaint does not allege facts sufficient to show that the 'the violation of his constitutional rights resulted from a municipal custom or policy.'"); Houston v. Nassau County, 08-CV-00197 (JFB), 2011 U.S. Dist. LEXIS 10077, at *13-14 (E.D.N.Y. Feb. 2, 2011)(dismissing Monell claim since plaintiff "has failed to identify any policy or custom that is the basis for such a claim in connection with the alleged violation of his constitutional rights."); Araujo v. City of New York, No. 08 CV 3715 (KAM), 2010 U.S. Dist. LEXIS 26082, at *29 (E.D.N.Y. Mar. 19, 2010) (dismissing Monell claim on pleadings since "plaintiff's allegation that the Municipal Defendants acted pursuant to 'de facto policies, practices, customs, and usages' . . . without any facts suggesting the existence of the same, are plainly insufficient to state a Section 1983 claim against the Municipal Defendants."). Similarly, even if plaintiff had set forth any purported NYPD policies as well as sufficient facts to make the existence of such policies plausible, plaintiff has also failed to allege sufficient facts to show how any such policies caused the purported constitutional violations. See, e.g., Weir v. City of New York, 05 Civ. 9268 (DFE), 2009 U.S. Dist. LEXIS 42851, at *2 (S.D.N.Y. May 19, 2009)(complaint must "allege facts from which one could infer that there was a causal link between the alleged deprivation and any City custom or policy.").

Even if plaintiff had properly pled a Monell claim, many of the claims are time-barred. "The statute of limitations for claims brought under Section 1983 is governed by state law,

---

[2] Even if the allegations in the complaint amounted to a Fourth Amendment seizure, plaintiff's claims would still fail since it is objectively reasonable for police officers to rely upon information contained in a police database. See United States v. Santa, 180 F.3d 20, 27-28 (2d Cir. 1999)(objectively reasonable for officers to rely on computer record informing them that warrant was still valid even though warrant had actually been vacated).

and in this case is the three-year period for personal injury actions under New York State law." Shomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009). The statute of limitations for a Section 1983 claim begins to run "when the plaintiff knows or has reason to know of the harm." Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994) (internal quotation marks omitted). Here, plaintiffs filed the original complaint on June 14, 2011, complaining of 50 incidents that occurred with the NYPD from 2001 through 2010. In their complaints plaintiffs do not list specific dates when the purported incidents occurred. However, 18 incidents are listed in the notice of claim, 17 of which range from May 20, 2002 to August 5, 2007; the last incident listed is dated March 16, 2010. Plaintiffs were aware of each of the alleged incidents as they occurred, and as such the purported incidents became time barred three years after they accrued. Accordingly all of plaintiffs claims, save the purported March 16, 2010 incident, are time barred and must be dismissed.

Plaintiffs' state law claims for any incidents other than the March 16, 2010 are also subject to dismissal under Fed. R. Civ. P. 12(b)(6) for failure to comply with General Municipal Law §50-i and §50-e. N.Y. Gen. Mun. L. §§50-e and 50-i require, *inter alia*, that plaintiffs asserting state tort law claims against a municipal entity or its employees acting in the scope of employment must: (1) file a notice of claim within ninety days after the incident giving rise to the claim; and (2) commence the action within a year and ninety days from the date on which the cause of action accrues. N.Y. Gen. Mun, L. §§50-e and 50-i. Additionally, GML § 50-e(2) goes on to state that a notice of claim "shall set forth the time when, the place where and the manner in which the claims arose."

To the extent that plaintiffs' allege that the government action here, (the entry of the address into the database), was a ministerial act, plaintiffs' state law claims must also fail. Where the government action complained of is ministerial, for plaintiffs' claims to survive they must establish a special relationship/duty between the municipality and plaintiffs. McLean v. City of New York, 12 NY3d 194, 203 (N.Y. 2009). In order to plead a special duty plaintiffs must show that they had direct contact with defendant, the defendant made a promise to protect plaintiffs, that defendants inaction would lead to harm, and that plaintiffs detrimentally relied on those promises. See Cuffy v. City of New York, 69 NY2d 255 (N.Y. 1987). Importantly, the facts supporting the existence of a special relationship must be alleged in the pleadings. See Rodriguez v County of Rockland, 43 AD3d 1026, 1028 (N.Y. App. Div. 2d Dep't 2007). Here neither plaintiffs' notice of claim nor complaint alleging the various incidents properly plead the existence of a special relationship/duty.

Based on the foregoing, defendant City respectfully requests that the Court schedule a pre-motion conference so that it can move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The City thanks the Court for its consideration of this request.

                Respectfully submitted,

                /s/
                Michael Chestnov
                Assistant Corporation Counsel
                Special Federal Litigation Division

cc: Hon. Steven M. Gold, United States Magistrate Judge (by E.C..F.)

Steven L. Hubert, Esq., Attorney for Plaintiffs (by E.C.F.)